UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
.
GILBERT O. CAMERON,                                   :
.
                          Plaintiff,                  :
.
                                                      :              25-cv-6036 (LJL)
          -v-                                         :
.                                                        MEMORANDUM AND
U.S.A.G. MERRICK GARLAND, et al.,                     :            ORDER
.
                          Defendants.                 :
.
-------------------------------------------------------------------X

LEWIS J. LIMAN, United States District Judge:

Defendants the Hon. Margaret L. Clancy ("Justice Clancy") and the Hon. Nicholas

Iacovetta ("Justice Iacovetta," and together with Justice Clancy, the "Judicial Defendants") and

the New York State Attorney General Letitia James ("Attorney General James," and together

with the Judicial Defendants, "Defendants") move, pursuant to Federal Rules of Civil Procedure

12(b)(1), 12(b)(2), 12(b)(5), and 12(b)(6), to dismiss the complaint of *pro se* Plaintiff Gilbert O.

Cameron ("Plaintiff").  Dkt. No. 17.  For the following reasons, the motion is granted.

### BACKGROUND

The Court accepts as true for purposes of this motion the allegations of Plaintiff's

complaint and the documents of which the Court may take judicial notice, construing Plaintiff's

*pro se* complaint liberally and broadly to state the strongest claims it suggests.  *See Triestman v.*

*Fed. Bureau of Prisons*, 470 F.3d 471, 475 (2d Cir. 2006); *see also Dance Theatre of Harlem,*

*Inc. v. ChromaDiverse, Inc.*, 2026 WL 891992, at *6 (S.D.N.Y. Mar. 31, 2026) ("On a motion to

dismiss, courts may take notice of other lawsuits, judicial decisions, and litigation filings."

(citation omitted)).

Eighteen years ago, on June 25, 2008, a grand jury in Bronx County indicted Plaintiff on multiple charges, including assault and harassment.  *See* Dkt. No. 1 ("Compl.") at 25.[1]  Plaintiff claims Assistant District Attorney Dawn E. Gugliemo forged a complaining witness's signature, *id.* at 4, that the grand jury did not "return a true bill of an Indictment," *id.* at 2, and that the Bronx Supreme Court lacked jurisdiction over Plaintiff, *id.*

After a trial before Justice Clancy, Plaintiff was found guilty of second-degree burglary, second-degree assault, and other charges.  *Cameron v. Wise*, 2011 WL 1496341, at *1 (S.D.N.Y. Apr. 20, 2011), *report and recommendation adopted*, 2011 WL 3479295 (S.D.N.Y. Aug. 4, 2011).  On November 4, 2010, Justice Clancy sentenced Plaintiff to nine years' imprisonment. *Cameron v. Cunningham*, 2014 WL 4449794, at *1 (S.D.N.Y. Sept. 9, 2014).  In November 2012, the Appellate Division affirmed Plaintiff's conviction.  *Id.*  In 2013, the Court of Appeals denied Plaintiff leave to appeal.  *Id.*  Plaintiff's motion to vacate the judgment pursuant to New York Criminal Procedure Law § 440.10 was also denied.  *Id.*

Plaintiff's complaint alleges that Defendants violated his constitutional and federal rights during the indictment, prosecution, and subsequent proceedings described above.  Compl. at 1–8. Plaintiff alleges that Justice Clancy knew "she acted in the clear Absence of All Jurisdiction" and that she was racially motivated, *id.* at 5–6, 10, that Justice Iacovetta improperly denied his petition for the writ of habeas corpus and "[r]acistly manipulated" the proceeding, *id.* at 4, 10, 13, and that Attorney General James is "responsible for the Racist Malfunction of the Prosecution and Courts," *id.* at 11.

This action is one of several filed by Plaintiff in this Court related to the 2008 grand jury indictment and subsequent conviction.

---

[1] Citations to this docket entry use ECF pagination.

In 2009, Plaintiff commenced the first action against eighteen defendants, including the Judicial Defendants, asserting claims under 42 U.S.C. § 1983. *Cameron*, 2011 WL 3479295, at *4. Judge Castel dismissed all claims against the Judicial Defendants with prejudice. *Id.* Plaintiff's appeal was dismissed by the Second Circuit as lacking an arguable basis in law or fact. Compl. at 64 (citing *Cameron v. Wise*, No. 11-4208 (2d Cir. Mar. 6, 2012)).

In 2021, Plaintiff commenced another *pro se* action in this Court seeking to proceed *in forma pauperis* and naming the same defendants as the instant action, except for United States Attorney General Merrick Garland and Alix Duroseau. *See* Compl. at 63–64. Chief Judge Swain dismissed the action under the three-strikes provision of the Prison Litigation Reform Act, 28 U.S.C. § 1915(g), because Plaintiff had brought three or more civil actions, all dismissed as frivolous, malicious, or for failing to state a claim on which relief may be granted. *Id.*; *see also Cameron v. Clark*, No. 21-cv-2383, Dkt. No. 8 (S.D.N.Y. June 7, 2021).

## PROCEDURAL HISTORY

Plaintiff initiated this action by complaint filed July 23, 2025 against ten named defendants. Compl. On December 12, 2025, Defendants filed a motion to dismiss and a supporting memorandum of law. Dkt. Nos. 17–18. On January 9, 2026, Plaintiff filed a memorandum of law in opposition to the motion to dismiss. Dkt. No. 20.

## LEGAL STANDARD

On a motion to dismiss under Rule 12(b)(6), the court must accept as true all factual allegations in the complaint and draw all possible inferences from those allegations in favor of the plaintiff. *See York v. Ass'n of the Bar of the City of N.Y.*, 286 F.3d 122, 125 (2d Cir. 2002), *cert. denied*, 537 U.S. 1089 (2002). This requirement "is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A

complaint must offer more than "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "naked assertion[s]" devoid of "further factual enhancement" in order to survive dismissal. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 557 (2007). The ultimate question is whether "[a] claim has facial plausibility, [i.e.,] the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Put another way, the plausibility requirement "calls for enough fact to raise a reasonable expectation that discovery will reveal evidence [supporting the claim]." *Twombly*, 550 U.S. at 556.

The Court construes *pro se* pleadings broadly and liberally, interpreting them so as to raise the strongest arguments they suggest. *See Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007); *Cruz v. Gomez*, 202 F.3d 593, 597 (2d Cir. 2000). This obligation "is especially true when dealing with *pro se* complaints alleging civil rights violations." *Weixel v. Bd. of Educ. of City of N.Y.*, 287 F.3d 138, 146 (2d Cir. 2002); *see also Weinstein v. Albright*, 261 F.3d 127, 132 (2d Cir. 2001). However, while the Court construes *pro se* pleadings liberally, this does not relieve *pro se* plaintiffs of the requirement that they plead enough facts to "nudg[e] their claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. Nor does it relieve them of the obligation to otherwise comply with the pleading standards set forth by the Federal Rules of Civil Procedure. *Saidin v. N.Y.C. Dep't of Educ.*, 498 F. Supp. 2d 683, 687 (S.D.N.Y. 2007); *see Locicero v. O'Connell*, 419 F. Supp. 2d 521, 525 (S.D.N.Y. 2006) (requiring that *pro se* litigants allege sufficient facts to indicate deprivation of a constitutional right).

## DISCUSSION

Defendants argue that Plaintiff's complaint against them, which is most fairly read to raise Section 1983, 1985, and 1986 claims, should be dismissed because the claims are barred by the statute of limitations. Dkt. No. 18 at 8–9. They also argue that the claims are barred pursuant to the Defendants' Eleventh Amendment immunity, *id.* at 9, and that the claims against the Judicial Defendants are barred by the doctrine of *res judicata*, *id.* at 10.

## I.    Statute of Limitations

Defendants argue that all of Plaintiff's claims accrued more than 13 years prior to the commencement of the action and are therefore time-barred pursuant to the three-year statute of limitations for claims brought under Sections 1983 and 1985 and the one-year limitations period for claims under Section 1986. Dkt. No. 18 at 8–9. Defendants are correct that the claims are time-barred. Therefore, the motion to dismiss must be granted.

"Although the statute of limitations is ordinarily an affirmative defense that must be raised in the answer, a statute of limitations defense may be decided on a Rule 12(b)(6) motion if the defense appears on the face of the complaint." *Ellul v. Congregation of Christian Bros.*, 774 F.3d 791, 798 n.12 (2d Cir. 2014); *see also Ghartey v. St. John's Queens Hosp.*, 869 F.2d 160, 162 (2d Cir. 1989) ("Where the dates in a complaint show that an action is barred by a statute of limitations, a defendant may raise the affirmative defense in a pre-answer motion to dismiss.").

"Section 1983 does not provide a specific statute of limitations. Thus, courts apply the statute of limitations for personal injury actions under state law." *Hogan v. Fischer*, 738 F.3d 509, 517 (2d Cir. 2013). "The statute of limitations for § 1983 actions arising in New York is three years." *Lucente v. County of Suffolk*, 980 F.3d 284, 308 (2d Cir. 2020); *accord Shomo v. City of New York*, 579 F.3d 176, 181 (2d Cir. 2009). The statute of limitations under Section 1985 is also three years. *See Paige v. Police Dep't of City of Schenectady*, 264 F.3d 197, 199 n.2

(2d Cir. 2001).  And it is one year under Section 1986.  *Id.*  "[I]t is the standard rule that [accrual occurs] when the plaintiff has a complete and present cause of action, that is, when the plaintiff can file suit and obtain relief."  *Wallace v. Kato*, 549 U.S. 384, 388 (2007) (internal quotation marks omitted) (quoting *Bay Area Laundry & Dry Cleaning Pension Tr. Fund v. Ferbar Corp. of Cal.*, 522 U.S. 192, 201 (1997)).  Section 1983 claims generally accrue when a plaintiff knows or has reason to know of the injury that is the basis of the claim.  *Hogan*, 738 F.3d at 518.

The most recent alleged unlawful action by a defendant identified by Plaintiff was six years ago, on February 6, 2020, when Justice Clancy denied Plaintiff's petition for writ of habeas corpus.  Compl. at 7.  All other alleged injuries at issue in Plaintiff's complaint occurred during the criminal proceedings of 2008–2011.  *See id.* at 1–6.  Therefore, the statutes of limitations for Plaintiff's claims elapsed before the filing of the complaint, so the claims must be dismissed as time-barred.

## II.    Res Judicata

Defendants also argue that the doctrine of *res judicata* bars Plaintiff's actions against the Judicial Defendants.  Dkt. No. 18 at 10.  Because a final judgment on the merits of identical claims between Plaintiff and the Judicial Defendants has previously been issued, the motion is granted pursuant to Federal Rule of Civil Procedure 12(b)(6).

The doctrine of *res judicata* precludes a party or its privy "from relitigating issues that were or could have been raised" in an earlier action when a final judgment has been entered in that action.  *Allen v. McCurry*, 449 U.S. 90, 94 (1980); *see also Citigroup, Inc. v. Abu Dhabi Inv. Auth.*, 776 F.3d 126, 128 n.1 (2d Cir. 2015) ("The doctrine of claim preclusion, or *res judicata*, bars the subsequent litigation of any claims that were or could have been raised in a prior action.").  Although "[g]enerally res judicata is an affirmative defense to be pleaded in the defendant's answer, . . . when all relevant facts are shown by the court's own records, of which

the court takes notice, the defense may be upheld on a Rule 12(b)(6) motion without requiring an answer." *Day v. Moscow*, 955 F.2d 807, 811 (2d Cir. 1992); *see TechnoMarine SA v. Giftports, Inc.*, 758 F.3d 493, 498 (2d Cir. 2014) ("A court may consider a *res judicata* defense on a Rule 12(b)(6) motion to dismiss when the court's inquiry is limited to the plaintiff's complaint, documents attached or incorporated therein, and materials appropriate for judicial notice."). "When determining a motion to dismiss on *res judicata* grounds, courts may (and often must) take 'judicial notice of the publicly available and relevant filings and orders in the [prior] litigation . . . in order to determine the preclusive effect of the prior judgment for res judicata purposes.'" *Gaspar v. Advanced Domino, Inc.*, 2024 WL 1908586, at *3 (E.D.N.Y. May 1, 2024) (citation omitted).

"The doctrine of *res judicata* applies to pro se litigants[.]" *Simon v. Fed. Prison Indus. Inc.*, 2024 WL 3487940, at *4 (S.D.N.Y. July 18, 2024) (quoting *Yeiser v. GMAC Mortg. Corp.*, 535 F. Supp. 2d 413, 426 (S.D.N.Y. 2008)); *see also Almazon v. JPMorgan Chase Bank, Nat'l Ass'n*, 2020 WL 1151313, at *13 (S.D.N.Y. Mar. 9, 2020) ("In New York, it is well-settled that the doctrine of *res judicata* applies to *pro se* litigants." (citation and internal quotation marks omitted)); *In re Aurora Commercial Corp.*, 2023 WL 1813328, at *1 (2d Cir. Feb. 8, 2023) (summary order) (affirming dismissal of pro se claim on *res judicata* grounds).

Under the "federal common law of preclusion," *Wyly v. Weiss*, 697 F.3d 131, 140 (2d Cir. 2012), "[t]o prove the affirmative defense [of *res judicata*,] a party must show that (1) the previous action involved an adjudication on the merits; (2) the previous action involved the plaintiffs or those in privity with them; [and] (3) the claims asserted in the subsequent action were, or could have been, raised in the prior action," *TechnoMarine SA*, 758 F.3d at 499 (quoting

*Monahan v. N.Y.C. Dep't of Corr.*, 214 F.3d 275, 285 (2d Cir. 2000)).  Each of the three requirements for *res judicata* is satisfied here.

First, Plaintiff's prior actions involved final judgments on the merits.  For purposes of *res judicata*, a "dismissal for failure to state a claim is a final judgment on the merits.'"  *Berrios v. N.Y.C. Hous. Auth.*, 564 F.3d 130, 134 (2d Cir. 2009).  In *Cameron v. Wise*, the court dismissed Plaintiff's Section 1983 claims against the Judicial Defendants with prejudice on grounds of absolute judicial immunity.  2011 WL 3479295, at \*4.  This decision constituted a final judgment on the merits.

Second, all prior actions were brought by Plaintiff himself.

Third, Plaintiff raised identical claims against the Judicial Defendants in *Cameron v. Wise* arising from alleged injuries caused by the same criminal proceedings at issue here.  A claim is barred by *res judicata* either when it has been raised in the prior proceeding or when it could have been raised.  "Whether a claim that was not raised in the previous action could have been raised therein 'depends in part on whether the same transaction or connected series of transactions is at issue, whether the same evidence is needed to support both claims, and whether the facts essential to the second were present in the first.'"  *TechnoMarine*, 758 F.3d at 499 (quoting *Woods v. Dunlop Tire Corp.*, 972 F.2d 36, 38 (2d Cir. 1992)).

*Cameron v. Wise* concerned the same indictment, prosecution, and subsequent proceedings relating to Plaintiff's 2009 conviction that this suit concerns.  *See* 2011 WL 3479295, at \*1.  In *Cameron v. Wise*, Plaintiff brought Section 1983, 1985, and 1986 claims alleging, among other things, that Justice Iacovetta "displayed racial bias during plaintiff's pre-trial hearing and when he dismissed plaintiff's petition for a writ of habeas corpus" and that "Justice Clancy knew the indictment was forged but still convicted plaintiff."  *Id.* at \*4.  In the

8

present suit, he advances the same allegations. *See* Compl. at 4–6. Moreover, any additional claims raised here and not in *Cameron v. Wise* could have been raised because they concern the same series of transactions and are therefore also precluded.

Having previously litigated allegations arising from the criminal proceedings of 2008–2013 (or at least having the opportunity to do so) and receiving a decision on the merits, Plaintiff cannot relitigate those claims now in this Court.

## III.    Eleventh Amendment Immunity

Additionally, Defendants move to dismiss Plaintiff's claims as barred by the Eleventh Amendment. Dkt. No. 18 at 9. "The Eleventh Amendment bars suits in federal courts against states and state officials acting in their official capacities by their own citizens, citizens of another state, and foreign sovereigns." *Saba v. Cuomo*, 535 F. Supp. 3d 282, 299 (S.D.N.Y. 2021) (quoting *Doe v. Annucci*, 2015 WL 4393012, at *15 (S.D.N.Y. July 15, 2015)); *see also Williams v. Marinelli*, 987 F.3d 188, 197 n.13 (2d Cir. 2021) ("Ordinarily, a suit against a state official in her official capacity is deemed an action against the state itself, and Eleventh Amendment immunity applies."). The New York State Attorney General enjoys Eleventh Amendment immunity, *see, e.g.*, *Levy v. Cohen*, 439 F. App'x 30, 32 (2d Cir. 2011) (summary order), as do judges of the New York State Unified Court System, *see Thomas v. Martin-Gibbons*, 2021 WL 2065892, at *1 (2d Cir. May 24, 2021) (summary order) (affirming dismissal of *pro se* Section 1983 claims against a state court judge in his official capacity based on Eleventh Amendment immunity).

However, read most favorably to Plaintiff, the complaint appears to be suing Defendants in their personal capacities for money damages. *See* Compl. at 10–11. The Eleventh Amendment does not protect state officials sued in their "individual" or "personal" capacities. *See Kentucky v. Graham*, 473 U.S. 159, 166–67 (1985); *cf. Roninger v. McCall*, 22 F. Supp. 2d

156, 161 (S.D.N.Y. 1998) ("Money damages are available under § 1983 only in suits brought against officials in their personal capacities, since money damages against a state are barred by the Eleventh Amendment."). Therefore, Plaintiff's claims are dismissed on Eleventh Amendment grounds only to the extent that Plaintiff sues the Defendants in their official capacities.

## IV.    Leave to Amend Is Denied.

"The Second Circuit 'generally disfavor[s] the dismissal of *pro se* complaints without leave to replead.'" *Foy v. N.Y. State Unified Ct. Sys.*, 740 F. Supp. 3d 136, 155 (E.D.N.Y. 2024) (quoting *Hunt v. Klein*, 476 F. App'x 889, 891 (2d Cir. 2012)). "Still, even *pro se* litigants may be denied leave to amend when an amendment would be futile." *Id.* "Futility is a determination, as a matter of law, that proposed amendments would fail to cure prior deficiencies or to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure." *Panther Partners Inc. v. Ikanos Commc'ns, Inc.*, 681 F.3d 114, 119 (2d Cir. 2012).

Amendment here would be futile because the defects in Plaintiff's complaint are fatal and cannot be overcome with additional pleadings. The claims are independently barred on both statute of limitations and *res judicata* grounds. Leave to replead is therefore denied.

Additionally, the statute of limitations might provide a basis for dismissing the complaint against the remaining defendants who are not the subject of this motion to dismiss. Plaintiff has not had an opportunity to address this issue with respect to the remaining defendants, however. Plaintiff is therefore ordered to show cause by July 10, 2026, why these claims should not be dismissed. Failure to respond may result in dismissal of Plaintiff's remaining claims.

## CONCLUSION

The motion to dismiss is GRANTED with prejudice.

10

By July 10, 2026, Plaintiff shall show cause why the remaining defendants should not be dismissed on statute of limitations grounds.  The Court reiterates that Plaintiff's failure to respond may result in the dismissal of his remaining claims and in his case being closed.

The Clerk of Court is respectfully directed to close Dkt. No. 17.

SO ORDERED.

Dated: June 12, 2026
     New York, New York

                    LEWIS J. LIMAN
               United States District Judge